

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2008

# Kamal v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3198

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kamal v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3198
_____

SK MOSTAFA KAMAL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-579-507
(U.S. Immigration Judge:  Honorable Henry S. Dogin)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2008

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed:  April 29, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

       Sheikh Kamal petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reopen his immigration proceedings.  We will deny the

petition for review.

Kamal is a native and citizen of Bangladesh. He came to the United States in 1992. In 1997, the Immigration and Naturalization Service issued a notice to appear charging that he was subject to removal because he did not have a valid entry document. Through counsel, Kamal conceded that he was removable on this basis. He applied for asylum and withholding of removal.

In support of his applications for relief from removal, Kamal testified that in 1987 he joined the Jatiya Party, which opposed the Bangladesh government. He became the organizing secretary for his locality. In 1992, the police arrested Kamal and five others during a party meeting. Kamal claimed that he was falsely charged with possessing weapons. He stated that, while in custody, the police beat him with batons, demanded his weapons, and told him to stop working for his party. After Kamal was released from prison, he went to his doctor for medication.

Kamal further testified that he was granted bail in connection with the charges against him, but he did not appear for trial because he was afraid that the trial would be unfair, and that he would be tortured again. He stated that in 1992 workers for the BNP – the party then in power – ransacked his father's store, hit his father, and threatened to kill Kamal. Kamal's father went to the police, but the police would not take his father's complaint.

At the time of his immigration hearing in 1998, the BNP was no longer in power, but Kamal testified that the party was still strong. Kamal believed that he would be sent

2

to prison if he returned to Bangladesh.  He stated that there was an open warrant for his arrest, that the friends who were arrested with him went to jail, and that he did not support the current government.  Kamal agreed that violence was part of Bangladesh politics, and that the Jatiya party engaged in violence.  Kamal, however, testified that he was not engaged in violence when he was arrested.

The Immigration Judge ("IJ") found Kamal not credible.  The IJ stated that he was not certain who Kamal was, and that he believed Kamal fled Bangladesh because of a legitimate criminal charge against him.  The IJ credited an official document reciting criminal charges of disrupting a meeting, insulting and attacking top level BNP members, and exploding bombs.  The IJ questioned Kamal's identity because several documents he submitted reflecting his father's name were altered.  Kamal also testified that in order to get a passport he had lied to the consul about his address in Bangladesh and had falsely stated that he had a previous passport.  The IJ also stated that Kamal was not truthful about where he went to school, that he testified inconsistently about the number of times he was arrested, and that he did not provide sufficient corroborating evidence.  Based on the adverse credibility finding, the IJ denied asylum and withholding of removal.

In 2002, the BIA dismissed Kamal's appeal after he failed to file a brief. The BIA stated that, based on its review of the record, it was not persuaded that the IJ's ultimate resolution of the case was in error.[1]

Over a year later, Kamal moved to reopen the proceedings. In 2003, the BIA denied the motion because it was untimely. The BIA also construed the motion as claiming that changed circumstances existed in Bangladesh which excused his late motion, but concluded that Kamal did not establish changed circumstances.

In 2007, Kamal filed a second motion to reopen. The BIA found the motion untimely and number-barred, and again concluded that Kamal did not show changed circumstances in Bangladesh exempting him from the procedural requirements. The BIA explained that the updated country report did not show that the Jatiya Party was being targeted, but rather that, after fair elections in 2001, the BNP formed a four-party coalition, which included the Jatiya Party. The BIA stated that the newspaper articles Kamal had submitted did not establish changed conditions regarding the Jatiya Party, that an affidavit from the Secretary General of the Jatiya Party only explained the reasons Kamal left Bangladesh, and that Kamal's new asylum application was based on his past persecution. The BIA also noted that, even if changed country circumstances existed, Kamal's evidence could only affect the outcome of his claim if his original claim had

---

[1] The IJ and the BIA granted Kamal voluntary departure, but he did not voluntarily depart the country.

been credible because the motion to reopen was based on the same persecution claim as his initial asylum application.[2]

Kamal filed a counseled petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Although Kamal devotes much of his brief to discussing the denial of his asylum application, our jurisdiction is limited to a review of the BIA's denial of Kamal's second motion to reopen. Kamal did not file a timely petition for review of the BIA's final order of removal or the BIA's denial of his first motion to reopen. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995).

We review the BIA's denial of a motion to reopen for an abuse of discretion. Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we will disturb the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id.

Kamal appears to argue that reopening was warranted based on new evidence of the torture that he suffered at the hands of the Bangladesh government. Before Kamal's purported new evidence could be considered, however, he was required to establish changed circumstances in Bangladesh in order to overcome the procedural hurdles to his second motion to reopen. See 8 C.F.R. § 1003.2(c)(3)(ii). Kamal does not address the

---

[2]The BIA also declined to exercise its sua sponte authority to reopen the proceedings based on Kamal's marriage to a United States citizen and her receipt of an approved I-130 visa petition, noting that Kamal's eligibility for relief after the time to reopen elapsed was not an exceptional circumstance. This ruling is not at issue in this appeal.

evidence he submitted to the BIA, and he has not shown that the BIA abused its discretion in concluding that he did not make the required showing.

Kamal also states that his motion to reopen was untimely because his lawyer failed to tell him about the denial of his asylum application. Such a failure may have affected the filing of Kamal's first motion to reopen, but it would have had no bearing on his second motion to reopen.

Accordingly, we will deny the petition for review.